Banco Masónico de Puerto Rico, Plaintiff and Appellee, *v.* Heraclio López & Co. et al., Defendants and Appellants.

No. 4567. Argued April 30, 1928.—Decided May 10, 1928.

*Juan B. Soto* and *C. Pesquera* for the appellants. *E. Campos del Toro* for the appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

The appellee moves for dismissal of this appeal as frivolous. The appellants made no opposition in writing but appeared at the hearing by their attorney who said only that in his opinion there was a meritorious question of law involved, without pointing it out.

From the motion and the accompanying documents it appears that the Banco Masónico sued Heraclio López & Co., Ricarda G. de López and Heraclio López to recover six hundred dollars. Attached to the complaint was a copy of the promissory note signed by the defendants in favor of the plaintiff. The defendants demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action. Both parties appeared at the trial in February. The plaintiff produced its evidence consisting of the original document and the testimony of one witness. The defendants moved for nonsuit and stated that they had no evidence to submit. On the same day the court rendered judgment sustaining the complaint. On the 30th of last March the defendants took the present appeal.

This is an ordinary action of debt on a promissory note. The plaintiff is a banking institution doing business in this city in accordance with the law. It alleged and proved that

it was the holder of the note sued on, which was signed and delivered by the defendants and was due and not paid either in whole or in part. The defendants bound themselves jointly by that note to pay to the bank in its office on May 23, 1927, the sum of six hundred dollars with interest at twelve percent annually and the costs and attorney's fees in case of suit. The complaint was filed in September of 1927.

Therefore, it is perfectly clear that this appeal is frivolous and consequently the motion of the appellee must be sustained.